CLD-103                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4218
_____

FELICIA SHARON SINGLETON,
                    Appellant

v.

SHANNON COLLINS; MICHAEL COLLINS
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-05974)
District Judge:  Honorable Norma L. Shapiro
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 31, 2013

Before:  RENDELL, JORDAN and GARTH Circuit Judges

(Opinion filed: February 13, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

       Felicia Sharon Singleton appeals pro se from the District Court's order dismissing

her complaint.  Because the appeal presents no substantial question, we will summarily

affirm the District Court's order.

## I.

In 2011, the Bucks County Orphans' Court terminated Singleton's parental rights, and awarded custody of her son to the defendants, Shannon and Michael Collins. According to a motion she filed in the District Court, which the court treated as a motion for reconsideration, Singleton later underwent psychiatric treatment and now believes she is sufficiently mentally stable to care for her son. Although she did not state a claim for relief in the complaint, her motion for reconsideration appeared to seek reinstatement of her parental rights.

During screening pursuant to 28 U.S.C. § 1915(e), the District Court read Singleton's complaint to be a request for federal review of the custody determination made by the Bucks County Orphans' Court. Accordingly, the District Court dismissed her complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. Singleton filed a timely notice of appeal.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of the complaint under section 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review de novo determinations regarding the District Court's subject matter jurisdiction. See Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not

2

raise a substantial question.  See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

Although the intent of Singleton's complaint is unclear, to the extent that she sought federal review of the decision of the Bucks County Orphans' Court, the District Court properly dismissed her complaint pursuant to the Rooker-Feldman doctrine.  Under Rooker-Feldman, lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations.  See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006).  Rooker-Feldman is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basics Indus. Corp., 544 U.S. 280, 284 (2005).  "[T]here are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (internal quotation marks and brackets removed), cert. denied, 131 S. Ct. 1798 (2011).  Singleton's complaint, read together with her motion for reconsideration and her filings in this Court, demonstrate that all four Rooker-Feldman requirements are met.  Singleton alleged that her parental

3

rights were terminated pursuant to an adverse judgment of the Bucks County Orphans' Court. Although she named the custodial parents as defendants in her suit, it appears that she was seeking a federal court ruling reinstating her parental rights. Therefore, the District Court properly applied the Rooker-Feldman doctrine to dismiss Singleton's complaint for lack of subject matter jurisdiction. Her remedy, if any, lies in the state courts, not the federal courts.

Accordingly, the District Court did not err in dismissing Singleton's complaint for lack of subject matter jurisdiction, and we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.